**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CORY LYNN DAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-00610 |
| | ) | |
| HSHS HOLY FAMILY HOSPITAL, INC., | ) | |
| ASIM ELMAHBOUB, M.D., CRYSTAL | ) | |
| CARMICHAEL, M.D., ANDREW | ) | |
| MAHTANI, M.D., JOSE NOVOF, M.D., | ) | |
| PETER KIM, M.D., ANTHONY | ) | |
| SODD, M.D., and THE UNITED STATES | ) | |
| OF AMERICA DEPARTMENT OF | ) | |
| JUSTICE, FEDERAL BUREAU OF | ) | |
| PRISONS, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT AT LAW

Now Comes the Plaintiff, CORY LYNN DAUL, by her Attorneys, the

NOLAN LAW GROUP, and complaining against the Defendants, HSHS HOLY FAMILY

HOSPITAL, INC., ASIM ELMAHBOUB, M.D., individually and as agent and or apparent agent

of HSHS HOLY FAMILY HOSPITAL, INC., CRYSTAL CARMICHAEL, M.D., individually

and as agent and or apparent agent of HSHS HOLY FAMILY HOSPITAL, INC., ANDREW

MAHTANI, M.D., individually and as agent and or apparent agent of HSHS HOLY FAMILY

HOSPITAL, INC., JOSE NOVOF, M.D., individually and as agent and or apparent agent of

HSHS HOLY FAMILY HOSPITAL, PETER KIM, M.D., individually and as agent and or

apparent agent of HSHS HOLY FAMILY HOSPITAL, ANTHONY SODD, M.D., individually

and as agent and or apparent agent of HSHS HOLY FAMILY HOSPITAL, and

-1-

THE UNITED STATES OF AMERICA DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, and complaining of the Defendants and each of them, states as follows:

### JURISDICTIONAL ALLEGATIONS AS TO COUNTS I - VII

1. The Plaintiff, Cory Daul, is a citizen of the State of Wisconsin, with her permanent residence in Luxemburg, Wisconsin, where she intends to remain indefinitely.

2. The Defendant HSHS Holy Family Hospital, Inc. is an Illinois Corporation, with its principal place of business and its core executive and administrative functions in Greenville, Illinois.

3. The Defendants, HSHS Holy Family Hospital, Inc., Asim Elmahboub, M.D., Crystal Carmichael, M.D., Andrew Mahtani, M.D., Peter Kim, M.D., and Anthony Sodd, M.D., are citizens of and domiciled in the State of Illinois.

4. The Defendant, Jose Novof, M.D. is a citizen of and domiciled in the State of Missouri.

5. This cause of action arose in the City of Greenville, Bond County, Illinois, making the Southern District of Illinois, the proper venue.

6. The amount in Controversy exceeds $75,000.00 exclusive of interest and costs.

7. The jurisdiction of this case arises out of 28 USC Sec. 1332.

### JURISIDICTIONAL ALLEGATIONS AS TO COUNT VIII

8. Jurisdiction of Count VIII arises out of the Federal Torts Claims Act, 28 U.S.C. 1346(b) § et seq. Before this action was instituted, the claims set forth herein were presented to the United States Department of Justice, Federal Bureau of Prisons by way of written notice and was received in the Bureau of Prisons, office of Regional Counsel, North Central Regional Office on June 22, 2021.

9.     The Plaintiff has filed the requisite notices and claims with the United States Department of Justice Federal Bureau of Prisons and more than 80 days has passed.

10.     The Plaintiff, Cory Daul, is a resident of Luxemburg, Wisconsin.

11.     The Federal Bureau of Prisons is an agency of the United States of America, Department of Justice, and is a proper party defendant pursuant to 28 U.S.C. 1346(b). The court has jurisdiction over the United States of America pursuant to 28 U.S.C. 1346(b) and 28 U.S.C. § 2675.

12.     The amount in controversy is over $75,000.00 exclusive of interest and costs.

### ALLEGATIONS COMMON TO COUNTS I -VII

13.     At all times pertinent hereto, Cory Daul resided in the City of Greenville County of Bond and State of Illinois where she was temporarily held as an inmate in the custody of the Federal Bureau of Prisons, FCI Greenville.

14.     At all times pertinent hereto, HSHS Holy Family Hospital, Inc. was an Illinois corporation holding itself out as the provider of hospital and emergency room medical care.

15.     At all times pertinent hereto, Asim Elmahboub, M.D. was a physician licensed to practice medicine in the State of Illinois holding himself out as a specialist in internal medicine.

16.     At all times pertinent hereto, Asim Elmahboub, M.D. was an actual and/or apparent agent of HSHS Holy Family Hospital. Dr. Elmahboub is sued herein both in his individual capacity, and as actual and or apparent agent of HSHS Holy Family Hospital.

17.     At all times pertinent hereto, Crystal Carmichael, M.D. was a physician licensed to practice medicine in the State of Illinois holding herself out as a specialist in primary care medicine.

18. At all times pertinent hereto, Crystal Carmichael, M.D. was an actual and/or apparent agent of HSHS Holy Family Hospital. Dr. Carmichael is sued herein both in her individual capacity, and as actual and or apparent agent of HSHS Holy Family Hospital.

19. At all times pertinent hereto, Andrew Mahtani, M.D. was a physician licensed to practice medicine in the State of Illinois holding himself out as a specialist in family medicine.

20. At all times pertinent hereto, Andrew Mahtani, M.D. was an actual and/or apparent agent of HSHS Holy Family Hospital. Dr. Mahtani is sued herein both in his individual capacity, and as actual and or apparent agent of HSHS Holy Family Hospital.

21. At all times pertinent hereto, Jose Novof, M.D. was a physician licensed to practice medicine in the State of Illinois holding himself out as a specialist in emergency medicine.

22. At all times pertinent hereto, Jose Novof, M.D. was an actual and/or apparent agent of HSHS Holy Family Hospital. Dr. Novof is sued herein both in his individual capacity, and as actual and or apparent agent of HSHS Holy Family Hospital.

23. At all times pertinent hereto, Peter Kim, M.D. was a physician licensed to practice medicine in the State of Illinois holding himself out as a specialist in gastroenterology medicine.

24. At all times pertinent hereto, Peter Kim, M.D. was an actual and/or apparent agent of HSHS Holy Family Hospital. Dr. Kim is sued herein both in his individual capacity, and as actual and or apparent agent of HSHS Holy Family Hospital.

25. At all times pertinent hereto, Anthony Newman Sodd, M.D. was a physician licensed to practice medicine in the State of Illinois holding himself out as a specialist in radiology medicine.

26.     At all times pertinent hereto, Anthony Newman Sodd, M.D. was an actual and/or apparent agent of HSHS Holy Family Hospital.  Dr. Sodd is sued herein both in his individual capacity, and as actual and or apparent agent of HSHS Holy Family Hospital.

27.     On June 2, 2019, and at all other times pertinent hereto, Cory Daul established a physician patient relationship with HSHS Holy Family Hospital and its staff physicians and actual and apparent agents, including but not limited to the Defendants named herein, with a history of back, abdominal and flank pain.

28.     On June 2, 2019, Cory Daul was hospitalized as an inpatient at HSHS Holy Family Hospital wherein she provided a history of worsening back, abdominal and flank pain and fever.  She remained an inpatient at HSHS Holy Family Hospital from June 2, 2019 through June 7, 2019.  During that hospitalization, laboratory studies revealed *Stahpholococcus aureus* bacteremia.

29.     On June 17, 2019, Cory Daul returned to the emergency department of HSHS Holy Family Hospital with complaints of intractable thoracic back pain.  She was released from the emergency room without evaluation of the thoracic back pain or treatment for that condition.

30.     On June 20, 2019, Cory Daul was treated in the emergency room at HSHS Holy Family Hospital for an attempted suicide by hanging due to unbearable and unrelenting pain. During that emergency room visit, there was no effort made to determine the source of her pain. She was treated and released with instructions for psychiatric evaluation and without medical evaluation of her pain or diagnostic tests to determine the source of her pain.

31.     On June 25, 2019, Cory Daul was seen at HSHS Holy Family Hospital for further evaluation of severe back pain.  She underwent a CT of the abdomen and pelvis.

32. The June 25, 2019 CT of the abdomen and pelvis revealed lesions of the spine at T-9 consistent with osteomyelitis. The radiology report fails to identify osteomyelitis in a differential diagnosis and no further evaluation or referral was made to diagnose a cause of unrelenting back, abdominal and flank pain.

33. On July 7, 2019, Cory Daul developed weakness of her lower extremities which continued to progress.

34. On July 8, 2019, Cory Daul returned to the emergency department at HSHS Holy Family Hospital and underwent further diagnostic imaging which revealed osteomyelitis at T8-T9 which had progressed to include bone destruction, epidural abscess and severe spinal cord compression. She was transferred emergently to Barnes Jewish Hospital in St. Louis, Missouri.

35. Cory Daul did not know or have reason to know that her injuries herein, were caused by medical negligence until some time subsequent to July 9, 2019.

## COUNT I
## NEGLIGENCE – HSHS HOLY FAMILY HOSPITAL

36. At all times pertinent hereto, it was the duty of HSHS Holy Family Hospital by and through its staff, physicians, actual and apparent agents to possess and apply the knowledge and use the skill and care of reasonably well qualified physicians in their respective specialties.

37. At all times pertinent hereto, it was the duty of Asim Elmahboub, M.D., to possess and apply the knowledge and use the skill and care of reasonably well qualified physicians in their respective specialties.

38. At all times pertinent hereto, it was the duty of Crystal Carmichael, M.D., to possess and apply the knowledge and use the skill and care of reasonably well qualified physicians in their respective specialties.

39.     At all times pertinent hereto, it was the duty of Andrew Mahtani, M.D., to possess and apply the knowledge and use the skill and care of reasonably well qualified physicians in their respective specialties.

40.     At all times pertinent hereto, it was the duty of Jose Novof, M.D., to possess and apply the knowledge and use the skill and care of reasonably well qualified physicians in their respective specialties.

41.     At all times pertinent hereto, it was the duty of Peter Kim, M.D., to possess and apply the knowledge and use the skill and care of reasonably well qualified physicians in their respective specialties.

42.     At all times pertinent hereto, it was the duty of Anthony Sodd, M.D., to possess and apply the knowledge and use the skill and care of reasonably well qualified physicians in their respective specialties.

43.     Notwithstanding the aforesaid duties, the Defendants and each of them, were careless and negligent in one or more of the following respects:

    (a)    Failed to provide necessary treatment for an existing staphylococcus aureus infection;

    (b)    Failed to diagnose staphylococcus aureus bloodstream bacteremia;

    (c)    Failed to diagnose osteomyelitis;

    (d)    Dismissed positive blood cultures for staphylococcus aureus without reason;

    (e)    Failed to seek and identify explanation for ongoing and worsening back, abdominal and flank pain;

    (f)    Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis;

(g)    Failed to order or ensure follow-up CT Scan or MRI of the Lumbar and Thoracic spine when positive findings of soft tissue density at T9 suggested the presence of infection or malignancy.

(h)    Dismissed the patient's complaints of worsening and severe pain without reason or justification;

(i)    Failed to seek or obtain appropriate and necessary consultations from other specialists

(j)    Was otherwise careless and negligent.

44.    As a direct and proximate result of the foregoing negligence on the part of the Defendants and each of them, Cory Daul experienced a serious delay in diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

45.    Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for the Plaintiff, has consulted with a medical professionals who he believe are knowledgeable in the relevant issues involved in this particular action and who actively practices in the same area of healthcare that is at issue in this particular action and is qualified by experience and demonstrated competence in the subject of the case.  The Affidavit of Timothy I. McArdle and Health Practitioner's Reports pursuant to 735 5/2-622 are attached hereto.

**COUNT II**
**NEGLIGENCE – ASIM ELMAHBOUB M.D.**

46.    At all times pertinent hereto, it was the duty of Asim Elmahboub, M.D., individually, to possess and apply the knowledge and use the skill and care of a reasonably well qualified physician in his respective specialties.

47.    Notwithstanding the aforesaid duties, the Defendant was careless and negligent in one or more of the following respects:

-8-

(a)    Failed to provide necessary treatment for an existing staphylococcus aureus infection;

(b)    Failed to diagnose staphylococcus aureus bloodstream bacteremia;

(c)    Failed to diagnose osteomyelitis;

(d)    Dismissed positive blood cultures for staphylococcus aureus without reason;

(e)    Failed to seek and identify explanation for ongoing and worsening back, abdominal and flank pain;

(f)    Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis;

(g)    Dismissed the patient's complaints of worsening and severe pain without reason or justification;

(h)    Failed to seek or obtain appropriate and necessary consultations from other specialists

(i)    Was otherwise careless and negligent.

48.    As a direct and proximate result of the foregoing negligence on the part of the Defendant, Cory Daul experienced a serious delay in diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

49.    Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for the Plaintiff, has consulted with a medical professionals who he believes are knowledgeable in the relevant issues involved in this particular action and who actively practices in the same area of healthcare that is at issue in this particular action and is qualified by experience and demonstrated competence in the subject of the case.  The Affidavit of Timothy I. McArdle and Health Practitioner's Report pursuant to 735 5/2-622 is attached hereto.

## COUNT III
## NEGLIGENCE – CRYSTAL CARMICHAEL M.D.

50.    At all times pertinent hereto, it was the duty of Crystal Carmichael, M.D., individually, to possess and apply the knowledge and use the skill and care of a reasonably well qualified physicians in her respective specialties.

51.    Notwithstanding the aforesaid duties, the Defendant was careless and negligent in one or more of the following respects:

     (a)    Failed to provide necessary treatment for an existing staphylococcus aureus infection;

     (b)    Failed to diagnose staphylococcus aureus bloodstream bacteremia;

     (c)    Failed to diagnose osteomyelitis;

     (d)    Dismissed positive blood cultures for staphylococcus aureus without reason;

     (e)    Failed to seek and identify explanation for ongoing and worsening back, abdominal and flank pain;

     (f)    Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis;

     (g)    Dismissed the patient's complaints of worsening and severe pain without reason or justification;

     (h)    Failed to seek or obtain appropriate and necessary consultations for other specialists;

     (i)    Was otherwise careless and negligent.

52.    As a direct and proximate result of the foregoing negligence on the part of the Defendant, Cory Daul experienced a serious delay in diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

53.    Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for the Plaintiff, has consulted with a medical professional who he believes are knowledgeable in the relevant issues involved in this particular action and who actively practices in the same area of healthcare that is at issue in this particular action and is qualified by experience and demonstrated competence in the subject of the case.  The Affidavit of Timothy I. McArdle and Health Practitioner's Report pursuant to 735 5/2-622 is attached hereto.

## COUNT IV
## NEGLIGENCE – ANDREW MAHTANI M.D.

54.    At all times pertinent hereto, it was the duty of Andrew Mahtani, M.D., individually, to possess and apply the knowledge and use the skill and care of a reasonably well qualified physicians in his respective specialties.

55.    Notwithstanding the aforesaid duties, the Defendant was careless and negligent in one or more of the following respects:

(a)    Failed to provide necessary treatment for an existing staphylococcus aureus infection;

(b)    Failed to diagnose staphylococcus aureus bloodstream bacteremia;

(c)    Failed to diagnose osteomyelitis;

(d)    Dismissed positive blood cultures for staphylococcus aureus without reason;

(e)    Failed to seek and identify explanation for ongoing and worsening back, abdominal and flank pain;

(f)    Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis;

(g)    Dismissed the patient's complaints of worsening and severe pain without reason or justification;

(h)    Failed to seek or obtain appropriate and necessary consultations for other specialists;

-11-

(i)    Was otherwise careless and negligent.

56.    As a direct and proximate result of the foregoing negligence on the part of the Defendants and each of them, Cory Daul experienced a serious delay in diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

57.    Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for the Plaintiff, has consulted with medical professionals who he believes are knowledgeable in the relevant issues involved in this particular action and who actively practices in the same area of healthcare that is at issue in this particular action and is qualified by experience and demonstrated competence in the subject of the case.  The Affidavit of Timothy I. McArdle and Health Practitioner's Reports pursuant to 735 5/2-622 is attached hereto.

## COUNT V
## NEGLIGENCE – JOSE NOVOF M.D.

58.    At all times pertinent hereto, it was the duty of Jose Novof, M.D., individually, to possess and apply the knowledge and use the skill and care of a reasonably well qualified physician in his respective specialties.

59.    Notwithstanding the aforesaid duties, the Defendant was careless and negligent in one or more of the following respects:

(a)    Failed to provide necessary treatment for an existing staphylococcus aureus infection;

(b)    Failed to diagnose staphylococcus aureus bloodstream bacteremia;

(c)    Failed to diagnose osteomyelitis;

-12-

(d)     Dismissed positive blood cultures for staphylococcus aureus without reason;

(e)     Failed to seek and identify explanation for ongoing and worsening back, abdominal and flank pain;

(f)     Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis;

(g)     Dismissed the patient's complaints of worsening and severe pain without reason or justification;

(h)     Was otherwise careless and negligent.

60.     As a direct and proximate result of the foregoing negligence on the part of the Defendants and each of them, Cory Daul experienced a serious delay in diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

61.     Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for the Plaintiff, has consulted with a medical professionals who he believes are knowledgeable in the relevant issues involved in this particular action and who actively practices in the same area of healthcare that is at issue in this particular action and is qualified by experience and demonstrated competence in the subject of the case.  The Affidavit of Timothy I. McArdle and Health Practitioner's Report pursuant to 735 5/2-622 is attached hereto.

## COUNT VI
## NEGLIGENCE – PETER KIM M.D.

62.     At all times pertinent hereto, it was the duty of Peter Kim, M.D. to possess and apply the knowledge and use the skill and care of a reasonably well qualified physician in his respective specialties.

-13-

63.   Notwithstanding the aforesaid duties, the Defendant was careless and negligent in one or more of the following respects:

(a)   Failed to provide necessary treatment for an existing staphylococcus aureus infection;

(b)   Failed to diagnose staphylococcus aureus bloodstream bacteremia;

(c)   Failed to diagnose osteomyelitis;

(d)   Dismissed positive blood cultures for staphylococcus aureus without reason;

(e)   Failed to seek and identify explanation for ongoing and worsening back, abdominal and flank pain;

(f)   Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis;

(g)   Dismissed the patient's complaints of worsening and severe pain without reason or justification;

(h)   Failed to seek or obtain appropriate and necessary consultations for other specialists

(i)   Was otherwise careless and negligent.

64.   As a direct and proximate result of the foregoing negligence on the part of the Defendants and each of them, Cory Daul experienced a serious delay in diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

65.   Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for the Plaintiff, has consulted with medical professionals who he believes are knowledgeable in the relevant issues involved in this particular action and who actively practices in the same area of healthcare that is at issue in this particular action and is qualified by experience and

demonstrated competence in the subject of the case.  The Affidavit of Timothy I. McArdle and Health Practitioner's Report pursuant to 735 5/2-622 is attached hereto.

### COUNT VII
### NEGLIGENCE – ANTHONY SODD M.D.

66.     At all times pertinent hereto, it was the duty of Anthony Sodd, M.D. to possess and apply the knowledge and use the skill and care of a reasonably well qualified physician in his respective specialties.

67.     Notwithstanding the aforesaid duties, the Defendant was careless and negligent in one or more of the following respects:

(a)     Failed to diagnose osteomyelitis;

(b)     Failed to recognize the significance of soft tissue findings in the thoracic spine;

(c)     Failed to order or ensure follow-up of a CT Scan and/or MRI of the Lumbar and Thoracic Spine when positive findings of soft tissue density at T9 suggested the presence of infection or malignancy.

(d)     Failed to include osteomyelitis in a differential diagnosis for the patient's ongoing and worsening complaints of abdominal, back and flank pain;

(e)     Failed to seek or obtain appropriate and necessary consultations for other specialists;

(i)     Was otherwise careless and negligent.

68.     As a direct and proximate result of the foregoing negligence on the part of the Defendants and each of them, Cory Daul experienced a serious delay in diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

69.    Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for the Plaintiff, has consulted with medical professionals who he believes are knowledgeable in the relevant issues involved in this particular action and who actively practices in the same area of healthcare that is at issue in this particular action and is qualified by experience and demonstrated competence in the subject of the case. The Affidavit of Timothy I. McArdle and Health Practitioner's Report pursuant to 735 5/2-622 is attached hereto.

**COUNT VIII**

70.    At all times pertinent hereto, The United States Department of Justice, Federal Bureau of Prisons is an agency of the United States Government operating prisons and correctional institutions throughout these United States.

71.    At all times pertinent hereto, the Federal Bureau of Prisons operated and controlled Federal Correctional Institution, Greenville located North Central Region in Greenville, Illinois.

72.    At all times pertinent hereto, the Federal Bureau of Prisons FCI or Federal Correctional Institution, Greenville, provided health services through the health services unit.

73.    At all times pertinent hereto, the Federal Bureau of Prisons Federal Correctional Institution Greenville employed professional medical staff within its health services unit and provided medical care and treatment to incarcerated inmates through its employed medical staff including but not limited to Faisel Ahmed, M.D., Paul Kelly, R.N., Kay Schneider, PA, Elizabeth Mills, PA, Ashley Knebel, R.N., as well as other physicians and Allied Health professionals.

74.    On and prior to May 15, 2019, Cory Lynn Daul was an incarcerated inmate at the Federal Bureau of Prisons, FCI Greenville and had established a physician patient relationship with the Health Services Unit including its physicians and Allied medical professionals.

75.    Between May 15, 2019 and July 7, 2019, Cory Daul experienced severe back, abdominal and flank pain which worsened over time and resulted in ongoing medical complaints and emergent care outside of FCI Greenville at HSHS Holy Family Hospital.

76.    At all times pertinent to, the Federal Bureau of Prisons by and through its medical staff including but not limited to Faisel Ahmed, M.D., Ashley Knebel, R.N., Paul Kelly, R.N., Kay Schneider, PA, Elizabeth Mills, PA, had a duty to possess and apply the knowledge and use the skill and care of reasonably well qualified medical professionals in the same or similar circumstances.

77.    Notwithstanding the aforesaid duties, the Federal Bureau of Prisons, by and through its medical staff, was careless and negligent and overseeing and providing medical treatment to Cory Daul in one or more of the following ways:

(a)    Dismissed positive cultures for S.aureus when they knew or should have known that antibiotic treatment was necessary to prevent spread the infection and further injury.

(b)    Failed to diagnose S.aureus bloodstream backteremia;

(c)    Failed to diagnose osteomyelitis;

(d)    Failed to seek and identify an explanation for ongoing and worsening back, abdominal and flank pain;

(e)    Dismissed complaints of severe pain over a five-week time span;

(f)    Denied the patient reasonable and necessary medical care diagnostic testing and referral despite an obvious need for diagnosis and treatment.

78.    As a direct and proximate result of the foregoing negligence on the part of the Federal Bureau of Prisons and its agents, servants and employees, Cory Daul experienced serious delay in the diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth,

destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

79.    Pursuant to the provisions to 735 ILCS 5/2-622, Timothy I. McArdle, Counsel for the Plaintiff, has consulted with medical professional who he believes to be knowledgeable in the relevant issues involved in this particular action and who actively practices in the same area of health care that is at issue in this particular action and is qualified by experience and demonstrated competence in this subject of this case.  The Affidavit of Timothy I. McArdle and Health Care Practitioner's Report pursuant to 735 ILCS 5/2-622 as it relates specifically to the Federal Bureau of Prisons is attached hereto.

WHEREFORE, it is prayed that this Honorable Court enter judgment in favor of the Plaintiff, CORY LYNN DAUL, and against the Defendants, HSHS HOLY FAMILY HOSPITAL, INC., ASIM ELMAHBOUB, M.D., CRYSTAL CARMICHAEL, M.D., ANDREW MAHTANI, M.D., JOSE NOVOF, M.D., PETER KIM, M.D., ANTHONY SODD, M.D., and the UNITED STATES OF AMERICA DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS in a sum of money in excess of the jurisdictional minimum of this Court to compensate for the harms and losses which have been and continue to be experienced plus costs.

Respectfully Submitted,

Timothy I. McArdle, one of the attorneys for
The Plaintiff

NOLAN LAW GROUP
20 N. Clark St., Suite 3000
Chicago, IL 60602
(312) 372-0500
ARDC No. 6196178

-18-

## AFFIDAVIT

Your Affiant, Timothy I. McArdle, on oath being first duly sworn, deposes and states as follows:

1.      That in accordance with the Illinois Code of Civil Procedure and Rules of Court, 735 ILCS 5/2-622, I have consulted and reviewed the facts of this case with health care professional who I reasonably believe is knowledgeable in the relevant issues involved in the particular aspects of this case.

2.      The health care professionals' practice or has practiced within the last six years in the same area of medicine that is at issue in this particular action.

3.      The health care professionals are qualified by experience and has demonstrated competence in the subject of this case.

4.      The reviewing health care professionals have determined in a written report, after a review of the medical records and other relevant materials involved in this particular action, that there is a reasonable and meritorious cause for the filing of such action.

5.      Your Affiant has concluded on the basis of the reviewing health care professionals' review and consultation, that there is a reasonable and meritorious cause for filing of such action.

6.      The health care professionals are licensed to practice medicine in all its branches.

7.      A copy of the written reports is attached to this Affidavit.

The foregoing by me hereto attested is true and correct.

_Timothy I. McArdle_
Timothy I. McArdle

SUBSCRIBED AND SWORN TO
before me this 21st day
of December, 2021.

_Lourdes Roldan-Ri_
Notary Public

OFFICIAL SEAL
LOURDES ROLDAN-RIVERA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES
FEBRUARY 15, 2025

Dear Mr. McArdle;

I am a physician, licensed to practice medicine in Kentucky, North Carolina, Tennessee and Texas. I am board certified in Radiology, and have added qualification in Neuroradiology. I am a professor of Radiology at Vanderbilt University School of Medicine. At your request I have reviewed the medical records and imaging studies of Corry Daul concerning her complaints and presentation beginning in May, 2019. I am familiar with the issues concerning her complaints and the care provided to her May through July 2019. Based upon my review of the records, imaging studies, it is my opinion that there is a reasonable and meritorious basis for filing a lawsuit against HSHS Holy Family Hospital, and Anthony Sodd M.D.

On June 25, 2019, Corry Daul was transported to HSHS Holy Family Hospital for worsening back pain. She had a history of back, flank and abdominal pain dating back into May. She had three prior hospitalizations in the previous 24 days, for back, abdominal and flank pain. During her hospitalization beginning on June 2, 2019, she had positive cultures for *Staphylococcus aureus*, which were then dismissed by hospital staff as "probable contamination." This infection was determined on laboratory studies to be methicillin susceptible, yet no antibiotics had been prescribed. During the June 25, 2019 treatment she underwent esophagogastroduodenoscopy and colonoscopy at HSHS Holy Family Hospital for evaluation of her back pain. Due to lack of findings to explain her pain, a CT of the abdomen and pelvis was done.. The CT revealed no evidence of intra-abdominal pathology to explain her back pain, but did reveal lesions of the spine at T9, consistent with osteomyelitis. The lesions at that time did not reveal bone loss or destruction, but were clear evidence of the presence of an inflammatory process, and in light of her history, was diagnostic of the presence of osteomyelitis. The CT was interpreted by Anthony Sodd M.D. No further evaluation, or referral was made to diagnose a cause for her unrelenting back, abdominal, and flank pain. The diagnosis of osteomyelitis was not made, and no treatment was recommended. At this point MRI of the Lumbar and Thoracic spine was required by the standard of care, and undoubtedly would have revealed additional findings consisted with osteomyelitis.

On July 7, 2019, Corry Daul developed weakness of her lower extremities which suggested a neurologic deficit. As her deficits progress, she was ultimately returned to the ED at HSHS Holy Family Hospital on July 8, 2019. CT at that time revealed osteomyelitis at T8-T9 which had progressed to include bone destruction, epidural abscess, and severe spinal cord compression resulting in severe and disabling injury. Emergent surgery was necessary and revealed a pathological fracture of the spine and cultures were positive for methicillin susceptible *S. Aureus*.

HSHS Holy Family Hospital and Anthony Sodd. M.D. were negligent and provided treatment below the standard of care in the following way:

a.  Failure, in a clinical setting where from the standpoint of history, guaranteed follow-up was necessary, to not confirm subsequent diagnostic steps when the soft tissue

density at T9 was identified. At that point, the differential for such a finding would primarily be between infection and malignancy.

As a direct and proximate result of the Negligence of HSHS Holy Family Hospital, Corry Daul experienced delay in the definitive diagnosis of osteomyelitis in her thoracic spine, resulting in significant progression of the infection between June 25, 2019, and the time osteomyelitis was diagnosed and treatment begun on July 9, 2019. The progression of infection resulted in significant bone loss, soft tissue involvement, the development of significant spinal abscess, and pressure on the spinal cord resulting in neurologic injury, the need for multiple surgeries, pain, disability, and long-term antibiotic treatments, and the need for inpatient rehabilitation.

I reserve the right to amend these opinions based up review of further documentation.

Sincerely,

Jeff Creasy, M.D.

Dear Mr. McArdle-

I am a physician licensed to practice medicine in Missouri. I am board certified Internal Medicine, and Infectious Disease, and am a Professor of Medicine at Washington University School of Medicine in St. Louis Missouri. At your request, I have reviewed the medical records of Corey Daul for treatment she received in the period May through July 2019. I am familiar with the issues concerning her complaints, and the care and treatment provided to her during that time. Based upon my review of the records, it is my opinion that there is a reasonable and meritorious basis for filing a lawsuit for medical negligence against HSHS Holy Family Hospital, and its medical nursing, and ancillary staff, including, Asim Elmahboub M.D., Crystal Carmichael M.D., Andrew Mahtani M.D., Jose Novof, M.D., Peter Kim M.D. and Anthony Sodd M.D.

Beginning in May, 2019, Corey Daul, then an inmate at Greenville Federal Women's Prison Camp, experienced pain which was described as severe back, abdominal, and flank pain. The pain worsened, resulting in admission to HSHS Holy Family Hospital, through the Emergency Department on June 2, 2019. In addition to the history of worsening pain, she provided a history of having developed fever. Positive blood cultures for *Staphylococcus aureus* were dismissed as "probable contamination." She was discharged on June 7, 2019, without antibiotic coverage for the methicillin susceptible *S. aureus*, and without explanation for the ongoing and worsening back, abdominal, and flank pain.

She continued to experience worsening pain and was returned by prison officials to the ED on June 17. While the ED visit was noted to be due to increased acetaminophen levels, her main complaint was thoracic back pain. Nothing was done by way of evaluation for her persistent and unexplained pain. Despite the availability of records from her prior admission, there was no inquiry or evaluation relative to her positive blood cultures, or the likelihood that she was experiencing an infection that had seeded to her thoracic spine. She was discharged without further evaluation or treatment.

On June 20, 2019, Corey Daul was evaluated and treated for an attempted suicide. History revealed that she had attempted suicide by hanging due to unbearable and unrelenting pain. There was no effort made to determine the source of her pain, which was clearly osteomyelitis which had seeded to her thoracic spine. At that time, attending physicians did not recognize, or further evaluate her prior positive blood cultures, or the lack of treatment for a *S. aureus* infection. She was treated and released with instructions for psychiatric evaluation, but with no evaluation, or referral to evaluate and diagnose the source of her pain.

On June 25, 2019, she underwent esophagogastroduodenoscopy and colonoscopy at HSHS Holy Family Hospital for evaluation of her back pain. Due to lack of findings to explain her pain, a CT of the abdomen and pelvis was done. The CT revealed no evidence of intra-abdominal pathology to explain her back pain, but did reveal lesions of the spine at T9, consistent with osteomyelitis. No further evaluation, or referral was made to diagnose a cause for her unrelenting back, abdominal, and flank pain. At that time, attending physicians did not recognize, or further evaluate her prior positive blood cultures, or the lack of treatment for a *S. aureus* infection.

On July 7, 2019, Corey Daul developed weakness of her lower extremities. Only after this progressed further was she returned to the ED at HSHS Holy Family Hospital on July 8, 2019, imaging at this time revealed osteomyelitis at T8-9, which had progressed to include bone destruction and epidural abscess, and severe spinal cord compression, resulting in severe and disabling injury. Emergent surgery

was necessary, which revealed a pathological fracture and cultures were positive for methicillin susceptible *S. aureus*.

As of June 2, 2019, the positive blood cultures with severe back pain were consistent with a diagnosis of osteomyelitis. Despite evaluation during that hospitalization, no other reasonable explanation for her symptoms was identified. *S. aureus* is a major pathogen, presenting serious risk to a patient, and the standard of care at that time required antibiotic treatment. By June 17, evaluation by CT or MRI would have shown developing objective evidence of spinal osteomyelitis. Throughout this time, multiple opportunities to correct, and mitigate the initial error in failing to treat *S. aureus* were lost due to the negligence of the hospital and its medical staff.

HSHS Holy Family Hospital was negligent, and provided treatment below the standard of care in the following ways:

a. Failed to provide necessary treatment for an existing *S. aureus* infection.
b. Failed to diagnose *S. aureus* bloodstream bacteremia.
c. Failed to diagnose osteomyelitis.
d. Dismissed positive blood cultures for *S. aureus* without reason.
e. Failed to seek and identify explanation for ongoing and worsening back, abdominal, and flank pain.
f. Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis.
g. Dismissed the patient's complaints worsening and severe pain without reason or justification.

During the 6/2/19 Hospitalization Andrew Mahtani M.D. was negligent and provided treatment below the standard of care in one or more of the following ways:

a. Failed to diagnose S. aureus bacteremia
b. Failed to provide necessary treatment for existing S. aureus infection
c. Failed to diagnose osteomyelitis
d. Dismissed positive blood cultures for S. aureus without reason
e. Failed to seek and identify explanation for ongoing and worsening back, abdominal, and flank pain.
f. Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis.
g. Dismissed the patient's complaints worsening and severe pain without reason or justification

During the 6/2 Hospitalization Crystal Carmichael M.D. was negligent and provided treatment below the standard of care in one or more of the following ways:

a. Failed to diagnose S. aureus bacteremia
b. Failed to provide necessary treatment for existing S. aureus infection
c. Failed to diagnose osteomyelitis
d. Dismissed positive blood cultures for S. aureus without reason

e. Failed to seek and identify explanation for ongoing and worsening back, abdominal, and flank pain.
f. Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis.
g. Dismissed the patient's complaints worsening and severe pain without reason or justification.

During the 6/2/19 Hospitalization Asim Elmahboub M.D. was negligent and provided treatment below the standard of care in one or more of the following ways:

a. Failed to diagnose S. aureus bacteremia
b. Failed to provide necessary treatment for existing S. aureus infection
c. Failed to diagnose osteomyelitis
d. Dismissed positive blood cultures for S. aureus without reason
e. Failed to seek and identify explanation for ongoing and worsening back, abdominal, and flank pain.
f. Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis.
g. Dismissed the patient's complaints worsening and severe pain without reason or justification.

During the 6/17/19 and 6/20/19 Hospital encounters Jose Novof M.D. was negligent and provided treatment below the standard of care in one or more of the following ways:

a. Failed to diagnose S. aureus bacteremia
b. Failed to provide necessary treatment for existing S. aureus infection
c. Failed to diagnose osteomyelitis
d. Dismissed positive blood cultures for S. aureus without reason
e. Failed to seek and identify explanation for ongoing and worsening back, abdominal, and flank pain.
f. Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis.
g. Dismissed the patient's complaints worsening and severe pain without reason or justification.

During the 6/25/19 hospital encounter Dr. Peter Kim was negligent and provided treatment below the standard of care in one or more of the following ways:

a. Failed to diagnose staff aureus bacteremia
b. Failed to provide necessary treatment for existing S. aureus infection
c. Failed to diagnose osteomyelitis
d. Dismissed positive blood cultures for S. aureus without reason
e. Failed to seek and identify explanation for ongoing and worsening back, abdominal, and flank pain.
f. Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis.
g. Dismissed the patient's complaints worsening and severe pain without reason or justification.

As a direct and proximate result of the negligence of HSHS Holy Family Hospital, Corey Daul experienced a significant delay in the diagnosis of osteomyelitis in her thoracic spine, resulting in bacterial growth, destruction of soft tissues, and bone, and significant compression to the spinal cord. This resulted in the need for surgical intervention, significant pain and suffering, permanent bone loss, neurologic injury, and the need for lengthy rehabilitation, and likely permanent disabilities.

I reserve the right to amend this report, and my opinions upon review of any additional records or documents relevant to this patient's care and medical condition.

Sincerely,

Erik R. Dubberke, MD, MSPH

Dear Mr. McArdle-

I am a physician licensed to practice medicine in Missouri. I am board certified Internal Medicine, and Infectious Disease, and am a Professor of Medicine at Washington University School of Medicine in St. Louis Missouri. At your request, I have reviewed the medical records of Corey Daul for treatment she received in the period May through July 2019. I am familiar with the issues concerning her complaints, and the care and treatment provided to her during that time. Based upon my review of the records, it is my opinion that there is a reasonable and meritorious basis for filing a lawsuit for medical negligence against The Federal Bureau of Prisons, and its medical staff, including but not limited to Ashley Knebel RN, Faisal Ahmed M.D., Paul Kelly RN, K Schneider PA, Mary Pence HSA, and Elizabeth Mills PA,

Beginning in May, 2019, Corey Daul, then an inmate at Greenville Federal Women's Prison Camp, experienced pain which was described as severe back, abdominal, and flank pain. The pain worsened, resulting in admission to HSHS Holy Family Hospital, through the Emergency Department on June 2, 2019. In addition to the history of worsening pain, she provided a history of having developed fever. Positive blood cultures for *Staphylococcus aureus* were dismissed as "probable contamination." She was discharged on June 7, 2019, without antibiotic coverage for the methicillin susceptible *S. aureus*, and without explanation for the ongoing and worsening back, abdominal, and flank pain. Laboratory reports and data were provided to Greenville Women's Camp medical staff.

She continued to experience worsening pain and was returned by prison officials to the ED on June 17. While the ED visit was noted to be due to increased acetaminophen levels, her main complaint was thoracic back pain. Nothing was done by way of evaluation for her persistent and unexplained pain. Despite the availability of records from her prior admission, there was no inquiry or evaluation relative to her positive blood cultures, or the likelihood that she was experiencing an infection that had seeded to her thoracic spine. She was discharged without further evaluation or treatment.

Between June 17 and June 20, Cory Daul experienced worsening back and flank pain. While at Greenville Federal Women's Camp at this time, her complaints of pain were not investigated, despite a known and untreated *S. aureus* infection.

On June 20, 2019, Corey Daul, while confined to Greenville Federal Women's Camp, attempted suicide. History revealed that she had attempted suicide by hanging due to unbearable and unrelenting pain. There was no effort made to determine the source of her pain, which was clearly osteomyelitis which had seeded to her thoracic spine. At that time, attending physicians did not recognize, or further evaluate her prior positive blood cultures, or the lack of treatment for a *S. aureus* infection. She was treated and released with instructions for psychiatric evaluation, but with no evaluation, or referral to evaluate and diagnose the source of her pain. Medical staff at Greenville Federal Women's Camp made no further effort to evaluate of diagnose the source of her worsening pain or consider *S. aureus* infection.

On June 25, 2019, Cory Daul underwent esophagogastroduodenoscopy and colonoscopy at HSHS Holy Family Hospital for evaluation of her back pain. Due to lack of findings to explain her pain, a CT of the abdomen and pelvis was done. The CT revealed no evidence of intra-abdominal pathology to explain her back pain, but did reveal lesions of the spine at T9, consistent with osteomyelitis. No further evaluation, or referral was made to diagnose a cause for her unrelenting back, abdominal, and flank

pain. At that time, attending physicians did not recognize, or further evaluate her prior positive blood cultures, or the lack of treatment for a *S. aureus* infection.

On July 7, 2019, Corey Daul developed weakness of her lower extremities. Only after this progressed further was she returned to the ED at HSHS Holy Family Hospital on July 8, 2019, imaging at this time revealed osteomyelitis at T8-9, which had progressed to include bone destruction and epidural abscess, and severe spinal cord compression, resulting in severe and disabling injury. Emergent surgery was necessary, which revealed a pathological fracture and cultures were positive for methicillin susceptible *S. aureus*.

As of June 2, 2019, the positive blood cultures with severe back pain were consistent with a diagnosis of osteomyelitis. Despite evaluation during that hospitalization, no other reasonable explanation for her symptoms was identified. *S. aureus* is a major pathogen, presenting serious risk to a patient, and the standard of care at that time required antibiotic treatment. By June 17, evaluation by CT or MRI would have shown developing objective evidence of spinal osteomyelitis. Throughout this time, multiple opportunities to correct, and mitigate the initial error in failing to treat *S. aureus* were lost due to the negligence of the hospital and its medical staff.

The Federal Bureau of Prisons, by and through its Medical Staff, including but not limited to Ashley Knebel RN, Faisal Ahmed M.D., Paul Kelly RN, K Schneider PA, Mary Pence HSA, and Elizabeth Mills PA, were negligent, and provided treatment below the standard of care in the following ways:

a.    Dismissed positive blood cultures for *S. aureus* when they knew or should have known that antibiotic treatment was necessary to prevent spread of the infection and further injury.
b.    Failed to diagnose *S. aureus* bloodstream bacteremia.
c.    Failed to diagnose osteomyelitis.
d.    Failed to seek and identify explanation for ongoing and worsening back abdominal and flank pain.
e.    Dismissed complaints of severe and pain over a 5-week time span.
f.    Denied the patient reasonable and necessary medical care, diagnostic testing, and referral despite an obvious need for diagnosis and treatment

As a direct and proximate result of the negligence of the Federal Bureau of Prisons, and its medical staff, Corey Daul experienced a significant delay in the diagnosis of osteomyelitis in her thoracic spine, resulting in bacterial growth, destruction of soft tissues, and bone, and significant compression to the spinal cord. This resulted in the need for surgical intervention, significant pain and suffering, permanent bone loss, neurologic injury, and the need for lengthy rehabilitation, and likely permanent disabilities.

I reserve the right to amend this report, and my opinions upon review of any additional records or documents relevant to this patient's care and medical condition.

Sincerely,

Erik R. Dubberke, MD, MSPH