IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY LYNN DAUL, **Plaintiff,** v. HSHS HOLY FAMILY HOSPITAL, INC., ASIM ELMAHBOUB, M.D., CRYSTAL CARMICHAEL, M.D., ANDREW MAHTANI, M.D., and JOSEPH NOVOF, M.D., **Defendants.** | Case No. 3:21-CV-00610-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court in this medical malpractice action are five motions to dismiss filed by Defendants HSHS Holy Family Hospital, Inc. ("Holy Family Hospital") (Doc. 45), Crystal Carmichael, Asim Elmahboub, Andrew Mahtani, and Joseph Novof[1] (Docs. 44, 70, 73, 97). For the reasons set forth below, all of the motions are denied.

As an initial matter, the parties have stipulated to withdraw one motion to dismiss (Doc. 70), and, as such, the Court denies that motion as moot (*See* Doc. 71). Two of the remaining motions filed by Defendants Carmichael, Elmahboub, and Mahtani (Docs. 44, 73) were filed in response to prior versions of the complaint, and, accordingly, are denied as moot. The Court also denies Holy Family Hospital's motion to dismiss (Doc. 45) as

---

[1] Defendant Novof is represented by the same counsel as Defendants Carmichael, Elmahboub, and Mahtani but only joins in one motion to dismiss (Doc. 70).

Page 1 of 6

moot, as it addresses the original complaint which has since been amended.[2]

Turning to the remaining motion, Defendants Carmichael, Elmahboub, and Mahtani ("Defendants") ask the Court to dismiss subparagraphs 47(h), 51(h), and 55(h) of the Second Amended Complaint with prejudice (Doc. 97). Defendants argue that the certificate of merit attached to the complaint, as required by Illinois law in medical malpractice actions, fails to support these allegations. Subparagraphs 47(h), 51(h) and 55(h) are directed at Defendants Elmahboub, Carmichael, and Mahtani, respectively. Each paragraph contains the same allegation: "Failed to seek or obtain appropriate and necessary consultations from other specialists." Defendants assert that, due to lack of support from the certificate of merit, each subparagraph (h) fails to state a claim upon which relief can be granted.

Daul, on the other hand, contends that, when read as a whole, the certificate of merit does support the allegations in each subparagraph (h). While the certificate does not explicitly list "failed to seek or obtain appropriate and necessary consultations from other specialists" under each defendant's name, Daul argues that criticisms of Defendants' failure to make a referral or obtain a consultation from an appropriate specialist are scattered throughout the report. Furthermore, Daul states that certifying health professionals verify that a plaintiff's medical malpractice action has merit; they do not draft the complaint.

---

[2] Holy Family Hospital sought to dismiss subparagraphs 38(g), 38(i), and 38(j) of the original complaint. Daul has twice amended her complaint. Holy Family Hospital did not file any motion after the complaint was amended. If it so chooses, Holy Family Hospital can file a different motion directed at the Second Amended Complaint. As discussed in this Order, however, any motion challenging the sufficiency of the certificate of merit should be brought as a motion for summary judgment.

Illinois law requires the plaintiff in a medical malpractice or negligence action to file an affidavit stating "there is a reasonable and meritorious cause" for litigation supported by a health professional's report (often collectively called "the certificate of merit"). 735 ILCS 5/2-622; *Young v. United States*, 942 F.3d 349, 350 (7th Cir. 2019). The report must: (1) demonstrate that a qualified health professional reviewed the plaintiff's relevant medical records, (2) justify the conclusion that "a reasonable and meritorious cause" exists, and (3) otherwise comply with Section 5/2-622. *See id.*

Generally, the certificate of merit should be sufficiently broad to cover each defendant, adequately discuss deficiencies in the medical care given by the defendants, and establish that a reasonable and meritorious cause exists for filing the action. *Sherrod v. Lingle*, 223 F.3d 605, 614 (7th Cir. 2000). The written report must clearly identify "the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists[.]" 735 ILCS 5/2–622 (a)(1).

This requirement applies to malpractice litigation in federal court because Section 5/2-622 is a substantive condition of liability. *Hahn v. Walsh*, 762 F.3d 617, 633 (7th Cir. 2014). In federal court, however, a complaint cannot properly be dismissed because it lacks an affidavit and report under Section 5/2-622. *Young*, 942 F.3d at 351 ("Section 5/2-622 applies in federal court to the extent that it is a rule of *substance*; but to the extent that it is a rule of *procedure* it gives way to Rule 8 and other doctrines that determine how litigation proceeds in a federal tribunal.") (emphasis in original). The proper vehicle to address whether the plaintiff has met the requirements of Section 5/2-622 in federal court is a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, which

can be filed at any time. *Id*.

Here, Daul did accompany her Second Amended Complaint with an affidavit and report as required by Section 5/2-622. Defendants are not seeking to dismiss the action or any specific claims on the grounds that Daul did not attach an affidavit or report. Rather, Defendants seek to dismiss three subparagraphs of the complaint for failure to state a claim, as each is unsupported by the certificate of merit. While their arguments seem to be directed at the sufficiency of the complaint, which is properly addressed through a motion to dismiss, Defendants actually seek to dispose of claims that are unsupported by the certificate of merit. Put another way, Defendants argue that the certificate of merit is inadequate and does not comply with Section 5/2-622 by failing to establish a "reasonable and meritorious cause" as to these specific allegations.

In federal court, a motion to dismiss is not the proper vehicle for disposing of a medical malpractice claim for failure to comply with Section 5/2-622. Defendants did not request summary judgment as an alternative to their motion to dismiss. The Court could deny the motion to dismiss on these grounds alone. Notably, pursuant to federal pleading standards, the face of Daul's complaint, in and of itself, is sufficient to state a claim for the allegations in the contested subparagraphs. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to survive a Rule 12(b)(6) motion, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face).

In any event, the Court also finds the substance of Defendants' motion lacks merit because the affidavit and report support the allegations in subparagraphs 47(h), 51(h), and 55(h) of the Second Amended Complaint. The purpose of the certificate of merit is to

minimize frivolous medical malpractice suits, not to act as the complaint. *Sherrod*, 223 F.3d at 613 ("Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success."). Section 5/2-622 requires that a qualified health professional determine that a reasonable and meritorious cause for the filing of the action exists, not that the report must comprehensively mirror each allegation in the complaint. *Jones v. Wexford Health Sources, Inc.*, No. 15-C-50302, 2016 WL 6524953, *4 (N.D. Ill. Nov. 3, 2016).

Daul's certificate of merit indicates that a qualified physician, Dr. Erik Dubberke, reviewed her medical records, found there was reasonable and meritorious cause for filing the action, and produced many reasons for that determination. Defendants specifically challenge the allegation that they "failed to seek or obtain appropriate and necessary consultations from other specialists," because Dr. Dubberke's report does not list this type of negligence in the corresponding section for each defendant. While the report does list specific types of negligence on behalf of each defendant,[3] there is no requirement that such a list be present, let alone exhaustive. Other sections within the report directed generally at Daul's attending physicians mention a failure to effect a "referral to evaluate and diagnose the source of her pain" and that "no further evaluation, or referral was made to diagnose the cause of her unrelenting back, abdominal, and flank

---

[3] The report lists the following forms of negligence as to Defendant Elmahboub, Carmichael, and Mahtani: (a) failed to diagnose *S. aureus* bacteremia; (b) failed to provide necessary treatment for existing *S. aureus* infection; (c) failed to diagnose osteomyelitis; (d) dismissed positive blood cultures for *S. aureus* without reason; (e) failed to seek and identify explanation for ongoing and worsening back, abdominal, and flank pain; (f) failed to order reasonably necessary diagnostic tests to arrive at a diagnosis; and (g) dismissed the patient's complaints [of] worsening and severe pain without reason or justification.

pain" (Docs. 39-2, 90). To be sufficient, the report need not fully overlap or echo every allegation in the complaint. Considering the certificate of merit in its entirety, it supports the allegations in subparagraphs 47(h), 51(h), and 55(h).

For these reasons, all pending motions to dismiss (Docs. 44, 45, 70, 73, and 97) are **DENIED.**

**IT IS SO ORDERED.**

**DATED:** June 17, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**