IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORY LYNN DAUL,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**HSHS HOLY FAMILY HOSPITAL,**<br>**INC., ASIM ELMAHBOUB, M.D.,**<br>**CRYSTAL CARMICHAEL, M.D.,**<br>**ANDREW MAHTANI, M.D.,**<br>**JOSEPH NOVOF, M.D.,**<br>**PETER KIM, M.D., and USA,**<br><br>    **Defendants.** | Case No. 3:21-cv-00610-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a motion for leave to file amended affirmative defenses filed by Defendant HSHS Holy Family Hospital, Inc. ("HSHS"). (Doc. 103). Also pending before the Court is a motion for leave to file affirmative defenses filed by Defendant Peter Kim. (Doc. 106). Plaintiff Cory Daul filed timely responses to both motions. (Docs. 112, 113). Only HSHS filed a reply. (Doc. 114).

## BACKGROUND

The claims in this case stem from a medical malpractice action under Illinois law and the Federal Tort Claims Act, 28 U.S.C. 1346(b) § *et seq.* (Doc. 90). The Second Amended Complaint details that Daul, while held in custody of the Federal Bureau of Prisons at Federal Correctional Institution Greenville, received treatment over a five-day period at HSHS for back, abdominal, and flank pain and fever. While hospitalized, laboratory cultures revealed

*staphylococcus aureus* bacteria. In just under two weeks, Daul returned to the hospital complaining of back pain, and was released without evaluation or treatment. Days later, after an attempted suicide, Daul received treatment at HSHS again. Her ongoing back pain continued untreated. Within five days, Daul returned again, received a CT scan, and learned of lesions on her spine. Even with her unrelenting pain and abnormalities in her CT scan, Daul was not further evaluated or referred to a specialist. She continued to develop weakness in her back and legs. Just two weeks after her CT scan, Daul landed back in the emergency department at HSHS. This visit revealed osteomyelitis which had progressed to bone destruction, spinal cord compression, and other symptoms. Daul brings this action against the hospital, her treating physicians, and the United States on behalf of the Department of Justice and Federal Bureau of Prisons.

## LEGAL STANDARD

"An affirmative defense limits or excuses a defendant's liability even if the plaintiff establishes a *prima facie* case." *Bell v. Taylor*, 827 F.3d 699, 704-05 (7th Cir. 2016) (internal quotation marks omitted). Because affirmative defenses are pleadings, leave to amend is freely granted as justice so requires. FED. R. CIV. P. 15(a)(2). Federal Rule of Civil Procedure 12(f) empowers a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. FED. R. CIV. P. 12(f). Generally, affirmative defenses will only be stricken when they are insufficient on the face of the pleading, not when they are sufficient as a matter of law or if they present questions of law or fact. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

## DISCUSSION

I.    <u>HSHS's Motion for Leave to File Amended Affirmative Defenses (Doc. 103)</u>

In its motion, HSHS seeks to amend its affirmative defenses (Doc. 93) to include an additional affirmative defense based on an Illinois state court ruling. The proposed affirmative defense reads, "For further answer and defense, and without waiving its denial of liability to plaintiff, defendant asserts that 735 ILCS 5/2-1303(c) has been declared unconstitutional. See *Hyland v. Advocate Health and Hospitals Corporation, et al.*, Cook County, Illinois Case No. 2017-L-003541." (Doc. 103-1). HSHS argues that this affirmative defense is legitimate and would possibly eliminate the prejudgment interest imposed by 735 ILCS 5/2-1303(c).

In opposition, Daul argues that HSHS's new affirmative defense does not raise any affirmative matter purporting to defeat liability. Daul asserts that judgment is the condition precedent for Section 2-1303(c) to apply, and judgment is a finding of liability. Thus, Daul argues, this purported affirmative defense does not actually impact liability and is improper. Using the same rationale, Daul attacks six other affirmative defenses already plead in response to her Second Amended Complaint that reference Section 2-1303 urging that each should be stricken. Lastly, Daul criticizes the merit of the affirmative defense because, while the *Hyland* decision finds the prejudgment interest provision unconstitutional, other Illinois state courts have upheld its constitutionality.

Daul's argument that HSHS's new defense is not affirmative because it does not aim to defeat liability, but rather targets damages determined after a finding of liability, is unpersuasive. Many acceptable affirmative defenses concern the issue of damages such as a failure to mitigate damages, damage caps, and comparative negligence. *See Carter v. United*

*States,* 333 F.3d 791, 796 (7th Cir. 2003) ("A cap on damages is only a partial defense, but that is true of any defense that is limited to the amount of damages, and in that respect it is no different from comparative negligence, which clearly is an affirmative defense."); *see also Ring v. Board of Education Community School Dist. No. 60,* No. 03 C 7397, 2004 WL 1687009, at *5-6 (N.D. Ill. July 27, 2004); *Carretta v. May Trucking Co.,* No. 09-158-MJR, 2010 WL 1139099, at *2 (S.D. Ill. Mar. 19, 2010); *People by Madigan v. CMK Investments, Inc.*, No. 14 C 2783, 2015 WL 4038896, at *3 (N.D. Ill. June 30, 2015). The Court finds no reason to prevent HSHS from amending its affirmative defenses simply because the proposed amendment relates to damages, rather than liability. As such, the Motion for Leave to File Amended Affirmative Defenses filed by HSHS (Doc. 103) is **GRANTED.**

II.   <u>Peter Kim's Motion for Leave to File Affirmative Defenses (Doc. 106)</u>

Somewhat overlapping with the issues in HSHS's motion, Kim moves for leave to file the same affirmative defense regarding *Hyland*, but also seeks to file ten other affirmative defenses for the first time. Like HSHS's affirmative defenses, seven relate to the Illinois prejudgment interest statute, Section 2-1303.

Daul challenges the affirmative defenses relating to Section 2-1303 for the same reasons she opposed HSHS's. But Daul also argues all of Kim's affirmative defenses should be precluded because he initially answered Plaintiff's Complaint on October 12, 2021, without any affirmative defenses. (Doc. 49). He also filed an answer to Daul's First Amended Complaint on January 11, 2022, without any affirmative defenses. (Doc. 68). Finally, Kim filed an answer to the operative Second Amended Complaint contemporaneously with the present motion. (Doc. 105). None of the substantive amendments to Daul's complaint applied to Kim. As such, Daul contends that his affirmative defenses are untimely.

With respect to the arguments made against the prejudgment interest affirmative defenses, the same analysis conducted above with HSHS's motion applies. Those affirmative defenses are permitted. Regarding the timeliness argument, the new operative complaint is the Second Amended Complaint filed by Daul. (Doc. 90). Daul points out, however, that the amendments made to the complaint did not substantively change any allegation towards Kim, nor did they open to the door to asserting eleven new affirmative defenses, most of which were wholly available with the prior complaints. These arguments are well taken.

Rule 8(c) dictates that a responding party "must affirmatively state any avoidance or affirmative defense" in its answer. FED. R. CIV. P. 8(c). Moreover, "the invitation to answer an amended complaint should be understood as permission to plead in response to the amendments, as contemplated by Rule 15(a)(3), unless leave is expressly given to raise new defenses unrelated to the amendments." *Burton v. Ghosh*, 961 F.3d 960, 968 (7th Cir. 2020) (original emphasis omitted). Put another way, a responding party to an amended complaint should respond to the new substance of such complaint. *Id.* Here, Kim seeks leave from the Court to assert eleven affirmative defenses for the first time, many of which could and should have been asserted in response to the earlier versions of the complaint.

Even so, district courts have broad discretion to permit untimely amendments of affirmative defenses. *Global Technology & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 731, 733 (7th Cir. 2015). While Rule 15 announces that courts "should freely give leave when justice so requires," it certainly does not mandate leave in every case, especially in circumstances of undue delay or prejudice to the opposing party. FED. R. CIV. P. 15(a)(2); *see Burton*, 961 F.3d at 968; *Global Technology & Trading, Inc.*, 789 F.3d at 731 ("Several [Seventh Circuit] decisions hold that a district court may (though it need not) permit an untimely

affirmative defense, provided the plaintiff does not suffer prejudice from the delay.").

Here, there is no undue delay as the Court recently, at the request of all parties, continued trial for well over a year extending most discovery deadlines. (Doc. 132). Further, there is no undue prejudice as other defendants already put Daul on notice of the possibility of these defenses. The Court agrees that Kim could have asserted these affirmative defenses at a much earlier time, and probably should have. Rule 8(c), however, does not provide a consequence for untimeliness, such as waiver. *Global Technology & Trading, Inc.*, 789 F.3d at 732. In its discretion pursuant to Rule 15(a)(2) and finding no undue delay or prejudice, the Court will allow Kim to assert his affirmative defenses at this time. Kim's Motion for Leave to File Affirmative Defenses (Doc. 106) is **GRANTED.**

## Conclusion

The Motion for Leave to File Amended Affirmative Defenses filed by HSHS (Doc. 103) is **GRANTED.** The Motion for Leave to File Affirmative Defenses filed by Peter Kim (Doc. 106) is also **GRANTED.** HSHS and Kim shall file their respective affirmative defenses on or before **March 2, 2023**.

**IT IS SO ORDERED.**

DATED:   February 16, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**