## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY LYNN DAUL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-cv-00610 |
| | ) |
| ASIM ELMAHBOUB, M.D., CRYSTAL | ) |
| CARMICHAEL, M.D., ANDREW | ) |
| MAHTANI, M.D., JOSE NOVOF, M.D., | ) |
| | ) |
| Defendants. | ) |

### THIRD AMENDED COMPLAINT AT LAW

Now Comes the Plaintiff, CORY LYNN DAUL, by her Attorneys, the

NOLAN LAW GROUP, and complaining against the Defendants, CRYSTAL CARMICHAEL,

M.D., ANDREW MAHTANI, M.D., and JOSE NOVOF, M.D., and complaining of the

Defendants and each of them, states as follows:

### JURISDICTIONAL ALLEGATIONS AS TO COUNTS I - VII

1.      The Plaintiff, Cory Daul, is a citizen of the State of Wisconsin, with her

permanent residence in Appleton, Wisconsin, where she intends to remain indefinitely.

2.      The Defendants, Asim Elmahboub, M.D., Crystal Carmichael, M.D., Andrew

Mahtani, M.D., are citizens of and domiciled in the State of Illinois.

4.      The Defendant, Jose Novof, M.D. is a citizen of and domiciled in the State of

Missouri.

5.      This cause of action arose in the City of Greenville, Bond County, Illinois,

making the Southern District of Illinois, the proper venue.

6.      The amount in Controversy exceeds $75,000.00 exclusive of interest and costs.

7.      The jurisdiction of this case arises out of 28 USC Sec. 1332.

## ALLEGATIONS COMMON TO COUNTS I -VII

8.      At all times pertinent hereto, Cory Daul resided in the City of Greenville County
of Bond and State of Illinois where she was temporarily held as an inmate in the custody of the
Federal Bureau of Prisons, FCI Greenville.

9.      At all times pertinent hereto, Asim Elmahboub, M.D. was a physician licensed to
practice medicine in the State of Illinois holding himself out as a specialist in internal medicine.

10.      At all times pertinent hereto, Crystal Carmichael, M.D. was a physician licensed
to practice medicine in the State of Illinois holding herself out as a specialist in primary care
medicine.

11.      At all times pertinent hereto, Andrew Mahtani, M.D. was a physician licensed to
practice medicine in the State of Illinois holding himself out as a specialist in family medicine.

12.      At all times pertinent hereto, Jose Novof, M.D. was a physician licensed to
practice medicine in the State of Illinois holding himself out as a specialist in emergency
medicine.

13.      On and after June 2, 2019, and at all other times pertinent hereto, Cory Daul
established a physician patient relationship with the Defendants named herein, with a history of
back, abdominal and flank pain.

14.      On June 2, 2019, Cory Daul was hospitalized as an inpatient at HSHS Holy
Family Hospital wherein she provided a history of worsening back, abdominal and flank pain
and fever.  She remained an inpatient at HSHS Holy Family Hospital from June 2, 2019 through
June 7, 2019, at which time she was treated by the Defendants named herein, Dr. Elmahboub,

Dr. Mahtani and Dr. Carmichael. During that hospitalization, laboratory studies revealed *Stahpholococcus aureus* bacteremia.

15.    On June 17, 2019, Cory Daul returned to the emergency department of HSHS Holy Family Hospital with complaints of intractable thoracic back pain. At that time, she was treated by Defendant Dr. Novof. She was released from the emergency room without evaluation of the thoracic back pain or treatment for that condition.

16.    On June 20, 2019, Cory Daul was treated in the emergency room at HSHS Holy Family Hospital for an attempted suicide by hanging due to unbearable and unrelenting back pain. During that emergency room visit, there was no effort made to determine the source of her pain. At that time, she was again treated by Defendant Dr. Novof. She was treated and released with instructions for psychiatric evaluation and without medical evaluation of her pain or diagnostic tests to determine the source of her pain.

17.    On July 7, 2019, Cory Daul developed weakness of her lower extremities which continued to progress.

18.    On July 8, 2019, Cory Daul returned to the emergency department at HSHS Holy Family Hospital and underwent further diagnostic imaging which revealed osteomyelitis at T8-T9 which had progressed to include bone destruction, epidural abscess and severe spinal cord compression. She was transferred emergently to Barnes Jewish Hospital in St. Louis, Missouri.

19.    Cory Daul did not know or have reason to know that her injuries herein, were caused by medical negligence until some time subsequent to July 9, 2019.

## COUNT I
## NEGLIGENCE – ASIM ELMAHBOUB M.D.

20.    At all times pertinent hereto, it was the duty of Asim Elmahboub, M.D., individually, to possess and apply the knowledge and use the skill and care of a reasonably well qualified physician in his respective specialties.

21.    Notwithstanding the aforesaid duties, the Defendant was careless and negligent in one or more of the following respects:

(a)    Failed to provide necessary treatment for an existing staphylococcus aureus infection;

(b)    Failed to diagnose staphylococcus aureus bloodstream bacteremia;

(c)    Failed to diagnose osteomyelitis;

(d)    Dismissed positive blood cultures for staphylococcus aureus without reason;

(e)    Failed to seek and identify explanation for ongoing and worsening back, abdominal and flank pain;

(f)    Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis;

(g)    Dismissed the patient's complaints of worsening and severe pain without reason or justification;

(h)    Failed to seek or obtain appropriate and necessary consultations from other specialists

(i)    Was otherwise careless and negligent.

22.    As a direct and proximate result of the foregoing negligence on the part of the Defendant, Cory Daul experienced a serious delay in diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

23.    Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for the Plaintiff, has consulted with a medical professionals who he believes are knowledgeable in

-4-

the relevant issues involved in this particular action and who actively practices in the same area

of healthcare that is at issue in this particular action and is qualified by experience and

demonstrated competence in the subject of the case. The Affidavit of Timothy I. McArdle and

Health Practitioner's Report pursuant to 735 5/2-622 is attached hereto.

## COUNT II
## NEGLIGENCE – CRYSTAL CARMICHAEL M.D.

24.    At all times pertinent hereto, it was the duty of Crystal Carmichael, M.D.,

individually, to possess and apply the knowledge and use the skill and care of a reasonably well

qualified physicians in her respective specialties.

25.    Notwithstanding the aforesaid duties, the Defendant was careless and negligent in

one or more of the following respects:

  (a)    Failed to provide necessary treatment for an existing staphylococcus aureus infection;

  (b)    Failed to diagnose staphylococcus aureus bloodstream bacteremia;

  (c)    Failed to diagnose osteomyelitis;

  (d)    Dismissed positive blood cultures for staphylococcus aureus without reason;

  (e)    Failed to seek and identify explanation for ongoing and worsening back, abdominal and flank pain;

  (f)    Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis;

  (g)    Dismissed the patient's complaints of worsening and severe pain without reason or justification;

  (h)    Failed to seek or obtain appropriate and necessary consultations for other specialists;

  (i)    Was otherwise careless and negligent.

26.     As a direct and proximate result of the foregoing negligence on the part of the Defendant, Cory Daul experienced a serious delay in diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

27.     Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for the Plaintiff, has consulted with a medical professional who he believes are knowledgeable in the relevant issues involved in this particular action and who actively practices in the same area of healthcare that is at issue in this particular action and is qualified by experience and demonstrated competence in the subject of the case. The Affidavit of Timothy I. McArdle and Health Practitioner's Report pursuant to 735 5/2-622 is attached hereto.

## COUNT III
## NEGLIGENCE – ANDREW MAHTANI M.D.

28.     At all times pertinent hereto, it was the duty of Andrew Mahtani, M.D., individually, to possess and apply the knowledge and use the skill and care of a reasonably well qualified physicians in his respective specialties.

29.     Notwithstanding the aforesaid duties, the Defendant was careless and negligent in one or more of the following respects:

    (a)     Failed to provide necessary treatment for an existing staphylococcus aureus infection;

    (b)     Failed to diagnose staphylococcus aureus bloodstream bacteremia;

    (c)     Failed to diagnose osteomyelitis;

    (d)     Dismissed positive blood cultures for staphylococcus aureus without reason;

    (e)     Failed to seek and identify explanation for ongoing and worsening back, abdominal and flank pain;

(f)    Failed to order reasonably necessary diagnostic tests to arrive at a
diagnosis;

(g)    Dismissed the patient's complaints of worsening and severe pain without
reason or justification;

(h)    Failed to seek or obtain appropriate and necessary consultations for other
specialists;

(i)    Was otherwise careless and negligent.

30.    As a direct and proximate result of the foregoing negligence on the part of the
Defendants and each of them, Cory Daul experienced a serious delay in diagnosis of
osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone
and significant compression to the spinal cord resulting in severe and permanent injury in body
and mind.

31.    Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for
the Plaintiff, has consulted with medical professionals who he believes are knowledgeable in the
relevant issues involved in this particular action and who actively practices in the same area of
healthcare that is at issue in this particular action and is qualified by experience and
demonstrated competence in the subject of the case. The Affidavit of Timothy I. McArdle and
Health Practitioner's Reports pursuant to 735 5/2-622 is attached hereto.

## COUNT IV
## NEGLIGENCE – JOSE NOVOF M.D.

32.    At all times pertinent hereto, it was the duty of Jose Novof, M.D., individually, to
possess and apply the knowledge and use the skill and care of a reasonably well qualified
physician in his respective specialties.

33.    Notwithstanding the aforesaid duties, the Defendant was careless and negligent in
one or more of the following respects:

-7-

(a)     Failed to provide necessary treatment for an existing staphylococcus aureus infection;

(b)     Failed to diagnose staphylococcus aureus bloodstream bacteremia;

(c)     Failed to diagnose osteomyelitis;

(d)     Dismissed positive blood cultures for staphylococcus aureus without reason;

(e)     Failed to seek and identify explanation for ongoing and worsening back, abdominal and flank pain;

(f)     Failed to order reasonably necessary diagnostic tests to arrive at a diagnosis;

(g)     Dismissed the patient's complaints of worsening and severe pain without reason or justification;

(h)     Failed to access or review the patient's relevant medical history in the electronic medical record..

34.     As a direct and proximate result of the foregoing negligence on the part of the Defendants and each of them, Cory Daul experienced a serious delay in diagnosis of osteomyelitis in her thoracic spine resulting in bacterial growth, destruction of soft tissues, bone and significant compression to the spinal cord resulting in severe and permanent injury in body and mind.

35.     Pursuant to the provisions of 735 ILCS 5/2-622, Timothy I. McArdle, counsel for the Plaintiff, has consulted with a medical professionals who he believes are knowledgeable in the relevant issues involved in this particular action and who actively practices in the same area of healthcare that is at issue in this particular action and is qualified by experience and demonstrated competence in the subject of the case.  The Affidavit of Timothy I. McArdle and Health Practitioner's Report pursuant to 735 5/2-622 is attached hereto.

WHEREFORE, it is prayed that this Honorable Court enter judgment in favor of the Plaintiff, CORY LYNN DAUL, and against the Defendants, ASIM ELMAHBOUB, M.D., CRYSTAL CARMICHAEL, M.D., ANDREW MAHTANI, M.D., and JOSE NOVOF, M.D., in a sum of money in excess of the jurisdictional minimum of this Court to compensate for the harms and losses which have been and continue to be experienced plus costs.

Respectfully Submitted,

Timothy I. McArdle, one of the attorneys for
The Plaintiff

NOLAN LAW GROUP
20 N. Clark St., Suite 3000
Chicago, IL 60602
(312) 372-0500
ARDC No. 6196178

-9-